IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DERONDA AMICK, et al.,

        Plaintiffs,

v.                            CIVIL ACTION NO.   5:21-cv-00138

KROGER LIMITED PARTNERSHIP I,

        Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Motion for Summary Judgment. [ECF No. 40]. Plaintiff has responded [ECF No. 44] and Defendant has replied [ECF No. 45]. For the reasons discussed below, Defendant's Motion is **GRANTED**.

I.    Background

On May 22, 2019, Plaintiff Deronda Amick traveled with her husband, Co-Plaintiff Gary Amick, and her daughter, Brooklyn Amick, to Defendant's Kroger store located in the Beckley Crossing Shopping Center in Raleigh County, West Virginia. [ECF No. 44 at 3]. Ms. Amick and her daughter went into the store to shop while her husband waited in their vehicle. [ECF No. 40-1 at 44]. Toward the end of their shopping trip, Ms. Amick and her daughter visited the drink aisle. *Id.* at 45. Shortly after entering the aisle, Ms. Amick slipped on a liquid and fell to the ground. *Id.* at 46. She hit her knee and struggled to get up. *Id.* Since the fall, Ms. Amick has had some difficulty walking and getting around. [ECF No. 40-2 at 16–17].

Neither Ms. Amick nor her daughter noticed anything on the ground prior to the fall. [ECF No. 40-1 at 68; ECF No. 40-2 at 11–13]. Immediately afterward, they saw that liquid was spilled across the floor. [ECF No. 40-1 at 68; ECF No. 40-2 at 12–13]. Brian Vickers, a Coca-Cola employee who was stocking shelves nearby, also observed liquid on the floor only after Ms. Amick's fall. [ECF No. 35 ¶ 4]. Other than Mr. Vickers, who did not witness the fall or notice liquid on the floor beforehand, Plaintiff and her daughter were the only people in the vicinity when the incident occurred. [ECF No. 40-1 at 48; ECF No. 40-2 at 13].

According to Kroger's *Store Safety Rules*, "[a]ll unsafe conditions must be corrected or reported immediately to store management" and "[a]ny liquids or foreign objects on the floor must be cleaned up immediately." [ECF No. 44 at 19]. The *Rules* do not explicitly reference periodic inspections, but "Kroger department managers are expected to inspect their respective departments once an hour and report any spills to a 'courtesy clerk' who will clean up the spill." *Id.* at 12. Kroger does not maintain any "sweep logs" from which specific employees responsible for maintaining the premises could be identified. *Id.* at 13.

In December 2020, Plaintiffs filed this negligence action in the Circuit Court of Raleigh County, seeking damages for Ms. Amick's injuries and the resulting loss of consortium sustained by Mr. Amick. [ECF No. 1]. Plaintiffs initially named both Kroger Limited Partnership I ("Kroger") and Coca-Cola Bottling Co. Consolidated ("Coca-Cola") as defendants. *Id.* Coca-Cola removed the case to federal court based on

this court's diversity jurisdiction. *Id.* Plaintiffs agreed to dismiss Coca-Cola as a defendant after discovery showed that Coca-Cola was not responsible for maintaining the premises, and that none of its employees witnessed the fall or knew how the liquid came to be on the floor. *See* [ECF No. 36; ECF No. 44 at 2; ECF No. 45 at 5–6].

Defendant Kroger moves for summary judgment. [ECF No. 40]. Plaintiffs claim that Kroger was negligent in "[f]ailing to maintain the premises to be safe for the patrons of the store" and "fail[ing] to clear the liquid on the tile floor." [ECF No. 1-1 ¶ 8]. They allege that Kroger "knew or should have known that the liquid on the traffic area presented a hazardous condition to patrons" and that Kroger "had a duty to maintain the premises in a safe manner and a further duty to warn the Plaintiff and other patrons of any hazards." [ECF No. 1-1 ¶¶ 9–10]. Defendant denies that it knew or otherwise had notice of the hazard on its premises. [ECF No. 41 at 9].

## II. Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ. Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249

(1986). Rather, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of their case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must offer some "concrete evidence from which a reasonable juror could return a verdict in [their] favor" and must "set forth specific facts" that offer more than a "scintilla of evidence" in support of their position. *Anderson*, 477 U.S. at 252, 256.

### III. Discussion

Defendant argues it is entitled to summary judgment because the undisputed facts are legally insufficient to establish a *prima facie* case of negligence. To succeed on a negligence claim in West Virginia, a plaintiff must prove, by a preponderance of the evidence, the defendant owed the plaintiff a duty of care, the defendant negligently breached that duty, and the plaintiff sustained injuries proximately caused by the defendant's breach. *Webb v. Brown & Williamson Tobacco Co.*, 2 S.E.2d 898, 899 (W. Va. 1939). In the context of premises liability, "landowners owe any non-trespassing entrant a duty of reasonable care under the circumstances." *Hawkins v. U.S. Sports Ass'n, Inc.*, 633 S.E.2d 31, 35 n.2 (W. Va. 2006) (discussing *Mallet v.*

4

*Pickens*, 522 S.E.2d 436, 447–48 (W. Va. 1999)). As West Virginia courts have long recognized:

> The owner or the occupant of premises used for business purposes is not an insurer of the safety of an invited person present on such premises and, if such owner or occupant is not guilty of negligence or willful or wanton misconduct and no nuisance exists, he is not liable for injuries there sustained by such invited person.

Syl. Pt. 3, *Puffer v. The Hub Cigar Store, Inc.*, 84 S.E.2d 145, 148 (W. Va. 1954), *overruled on other grounds by Mallet*, 522 S.E.2d 436.

In a slip-and-fall case, the "mere presence of a foreign substance on the floor does not in itself show negligence." *Rankin v. S.S. Kresge Co.*, 59 F. Supp. 613, 617 (N.D. W. Va. 1945) (citing *Reynolds v. W.T. Grant Co.*, 186 S.E. 603 (W. Va. 1936)). To make out a *prima facie* case of negligence, the plaintiff must show "that the owner had actual or constructive knowledge of the foreign substance or defective condition." *Hawkins*, 633 S.E.2d at 35 (quoting *McDonald v. Univ. of W. Va. Bd. of Trs*, 444 S.E.2d 57, 60 (W. Va. 1994)). Constructive knowledge may be imputed to the owner when they "should have, through reasonable inspection, discovered the existence" of the defect. *Id.* at 37. In a slip-and-fall case, "[c]onstructive knowledge is shown where the foreign substance has remained on the floor long enough to charge the storekeeper with such knowledge." *Rankin*, 59 F. Supp. at 617.

### A. Defendant's Actual or Constructive Notice

Defendant argues, and this court agrees, that Plaintiffs are "unable to offer evidence that Kroger had actual or constructive knowledge of the liquid being on the

5

floor at the store." [ECF No. 41 at 9]. Nothing in the record suggests that any Kroger employee was aware of the spilled liquid. Ms. Amick, her daughter, and her husband each testified that they had no reason to believe any Kroger employee knew of the existence of the liquid. [ECF No. 40-1 at 68; ECF No. 40-2 at 15; ECF No. 40-3 at 15–16].

Likewise, there is no evidence of when or how the liquid came to be on the floor. Ms. Amick and her daughter both testified that they did not see the liquid prior to Ms. Amick's fall and did not know how long the liquid had been on the floor. [ECF No. 40-1 at 68; ECF No. 40-2 at 13]. It is entirely possible that the liquid was on the floor for many hours, but it is just as possible that the spill occurred mere moments before Ms. Amick entered the drink aisle and fell. Despite drawing all permissible inferences from the facts in the light most favorable to Plaintiffs, when "there is no evidence upon the duration of the condition or evidence from which a reliable inference can be drawn, the duration is purely a matter of conjecture." *Hunker v. Warner Bros. Theatres*, 177 S.E. 629, 630 (W. Va. 1934); *see also Shropshire v. Kroger Co.*, No. 3:16-00378, 2017 WL 2805110, at *2 (S.D. W. Va. June 28, 2017) ("Had they produced evidence that the bag was on the floor for more than a few seconds, that Kroger placed it there intentionally, that other patrons had slipped on the bag (which might also tend to show that the bag was there for more than a few seconds), or that Kroger habitually failed to keep the entrances of that particular store clean and safe, the [plaintiffs] might have avoided summary judgment."). Without such evidence,

Plaintiffs cannot establish Defendant's constructive knowledge of the spill, and their negligence claim must fail as a matter of law. Accordingly, Mr. Amick's derivative claim for loss of consortium also fails. *See Davis v. Foley*, 457 S.E.2d 532, 535 (W. Va. 1995) ("[L]oss of consortium . . . is a derivative action arising out of the bodily-injured person." (citing *Fed. Kemper Ins. Co. v. Karlet*, 428 S.E.2d 60 (W. Va. 1993))).

### B. Defendant's Cooperation in Discovery

Plaintiffs do not appear to dispute their critical lack of evidence.[1] Rather, they assert that Kroger "seeks to hide the proof and then use the secrets to argue that Plaintiff cannot prove the Defendant's knowledge or Defendant's actual or constructive notice." [ECF No. 44 at 4]. Namely, Plaintiffs take issue with Defendant's conduct in producing surveillance video of the fall area and in identifying employees who were present during the fall or who viewed the video footage. *Id.* at 7. In Plaintiffs' view, Defendant's failure to cooperate in discovery entitles them to a presumption that the withheld evidence would undermine Kroger's defense and support Plaintiffs' claim. *Id.* at 8; *see also McGlone v. Superior Trucking Co., Inc.*, 363 S.E.2d 736, 741 (W. Va. 1987) ("[W]here one party to a legal controversy has within his control evidence material to the issue and does not produce it, there is a strong presumption that such evidence, if produced, would operate to his prejudice." (quoting *Jacobs v. Jacobs*, 237 S.E.2d 124, 127 (Va. 1977))).

---

[1] Plaintiffs contend "there are witnesses and evidence to establish that there are genuine material facts in dispute in this matter that must be determined by a jury and not by summary judgment," but they do not identify any such witnesses or evidence. [ECF No. 44 at 8].

7

But Plaintiffs' reliance on this "so-called presumption" is misplaced, *McGlone*, 363 S.E.2d at 741, and their argument fails for at least three reasons.

First, the rule does not "operate against a defendant when the plaintiff has not made a prima facie case. 'Despite the language of presumption generally employed, this is no more than a permissive inference. It does not supplant the necessity for other, at least prima facie, proof sufficient to sustain a judgment or a decree.'" *Id.* at 742 (quoting *Jacobs*, 237 S.E.2d at 127). Even if Kroger deliberately concealed material evidence, Plaintiffs cannot rely on that concealment as the sole support for an essential element of their claim.

Second, "[t]here is no presumption . . . where due diligence to obtain the evidence is shown or there is some valid excuse for its nonproduction." *Id.* at 741–42. Despite Plaintiffs' accusations, there is no evidence that Kroger withheld discoverable information. Plaintiffs allege that the surveillance video "was not made available to Plaintiff despite numerous and repeated requests and a Motion to Compel," and that Kroger "edited the video to show only the time when Plaintiff and her daughter entered the aisle where she fell." [ECF No. 44 at 3, 4]. The undisputed evidence, however, shows that Plaintiffs' counsel ignored Defendant's repeated offers to view the video, which requires specialized software to play. [ECF. Nos. 45-1, 45-2, 45-3, 45-4]. Instead of accepting one of those offers, Plaintiffs filed a Motion to Compel [ECF

8

No. 17],[2] to which Defendant responded—going beyond its discovery obligations[3]—by producing a cell phone recorded copy of the surveillance video. [ECF No. 45 at 3; ECF No. 45-4 at 2]. Although the copy includes only "a brief period of approximately 25 seconds before Plaintiff entered the aisle," Kroger maintains that the recording is "a complete copy of the surveillance video as preserved by store management after Plaintiff's fall." [ECF No. 45 at 3]. Upon receiving the recording, Plaintiffs indicated their withdrawal of the Motion to Compel and did not object to the production they now allege was deficient. *See* [ECF No. 45-6 at 1]. Similarly, Plaintiffs never challenged Kroger's allegedly incomplete identification of potential witnesses, and they chose not to depose those employees who were identified by Defendant. *See* [ECF No. 17 at 14–16, 19–22].

Third, any outstanding discovery disputes should have been raised in a prior motion and are therefore waived. Even if Kroger failed to supplement its discovery responses or should have preserved additional surveillance footage, the proper vehicles for those arguments are motions to compel or motions for sanctions. *See* Fed. R. Civ. P. 37. Plaintiffs never filed an appropriate motion, opting instead to raise the issues for the first time in response to Kroger's motion for summary judgment.

---

[2] In filing that Motion, Plaintiffs' counsel certified that he attempted in good faith to confer with the opposing party despite having ignored multiple communications on the matter from Defendant's counsel.

[3] Defendant must permit Plaintiffs to "inspect, copy, test, or sample" discoverable items; having provided opportunity to inspect the surveillance video, Defendant was not required to itself create a copy for Plaintiffs. Fed. R. Civ. P. 34(a)–(b).

Although Rule 37 does not contain any time limit for filing motions to compel, the applicable Local Rules state that:

> Motions to compel or other motions in aid of discovery not filed within 30 days after the discovery response or disclosure requirement was due are waived, and in no event provide an excuse, good cause, or reason to delay trial or modify the scheduling order.

Loc. R. Civ. P. 37.1(c). Defendant first disclosed the existence of the surveillance video on March 12, 2021 [ECF No. 6; ECF No. 17 at 15] and provided an initial viewing opportunity on April 16, 2021 [ECF No. 45-1]. Plaintiffs received the cell phone recording on October 22, 2021 [ECF No. 45-4] and their Motion to Compel was accordingly held moot [ECF No. 20]. Plaintiffs thanked Defendant's counsel for his "accommodations" and did not indicate any dissatisfaction with the recording until eight months after receiving it. [ECF No. 45-6]. It does appear that Kroger, despite indicating that it would, never supplemented its interrogatory responses with employees who viewed the surveillance video. [ECF No. 17 at 15–16]. But Kroger submitted the allegedly deficient response on March 12, 2021, yet Plaintiffs waited until June 30, 2022, to first argue the failure to supplement. The Federal Rules of Civil Procedure do not specify a deadline for supplemental responses, but such responses must be submitted "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A). If

Kroger was obligated to supplement its prior response,[4] the deadline had long passed by the time Plaintiffs sought to enforce that obligation. *See Fusco v. Gen. Motors Corp.*, 11 F.3d 259, 266 (1st Cir. 1993) (discussing the district court's "implicit authority" to exclude materials as untimely "even if there was no rigid deadline"); *Havenfield Corp. v. H&R Block, Inc.*, 509 F.2d 1263, 1272 (8th Cir. 1975) (disallowing supplemental responses "five or six weeks" after the final closing of discovery). Particularly given that the allegedly withheld information consists of the identities of potential witnesses, Plaintiffs acted unreasonably by waiting until more than one month after the deposition deadline and close of discovery to argue for additional responses.[5] Because I find that Plaintiffs did not file an appropriate motion within the time provided under the Local Rules, and have not shown good cause for their delay, Plaintiffs have "waived [their] right to any material [they] may have obtained from the request." *Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 224 (N.D. W. Va. 2007) (interpreting a nearly identical Local Rule in the Northern District of West Virginia).

---

[4] The duty to supplement attaches only when a prior response is "incomplete or incorrect, and if the additional or corrective information has not otherwise been made known" to the other party. Fed. R. Civ. P. 26(e)(1)(A). Because Plaintiffs have clearly waived any motions to compel a supplemental response, I do not address whether such response by Kroger was in fact required.

[5] Discovery closed on May 20, 2022, pursuant to the Second Amended Scheduling Order. [ECF No. 30]. Discovery initially closed on December 20, 2021, but it was reopened and extended by joint motion of the parties. [ECF Nos. 8, 16, 29, 30]. Kroger did, after the final close of discovery and within 30 days of Plaintiffs' memorandum opposing summary judgment, supplement its responses to Plaintiffs' second set of discovery requests. [ECF No. 39]. But that set of requests did not involve any of the allegedly withheld evidence currently at issue, and therefore did not alter the parties' discovery obligations with respect to the earlier requests. *Cf. West v. Bell Helicopter Textron, Inc.*, 803 F.3d 56, 72 (1st Cir. 2015) (holding that subsequent discovery request did not supersede obligation to supplement responses to prior request).

## IV. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment [ECF No. 40] is **GRANTED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 16, 2022

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE